

IN THE
TENTH COURT OF APPEALS

No. 10-23-00182-CV

IN THE MATTER OF THE MARRIAGE OF
LLOYD GRIFFITH THOMAS AND
BONNIE ALLEN THOMAS

From the 18th District Court
Johnson County, Texas
Trial Court No. DC-D202000937

## DISSENT

The Court purports to grant Bonnie Allen Thomas's motion to dismiss. But the Court's judgment makes it clear that the Court is not granting Bonnie's motion. The Court is apparently granting its own motion without notice or opportunity for the parties to be heard thereon and will potentially create chaos about the basis for and scope of the Court's judgment.

This is not Bonnie's first trip to this Court. Judges and prosecutors across Texas will understand when I attribute to her the characteristics of a litigant making Republic of Texas type arguments. She is acting as her own attorney which is evident from the handwritten five-page document that was addressed to this Court's Clerk.

The document was not addressed to the Court. The document was not labeled as a motion. The document was not served. The filing fee for filing a motion was not paid. But the document does request relief which only the Court can give; thus, I agree with the Court's characterization of the document as a motion.

The motion could, I contend, best be described as a general "venting" from Bonnie. The venting is about what she characterizes as "a series of erroneous errors by the 18th District Court of Johnson County." Some would characterize it as a "rant." But we cannot twist a pro se litigant's "rant" into something it is not merely because of the problem and delay of dealing with a difficult situation or litigant.

Let us look at what the Court relies upon to support the conclusion that Bonnie "repeatedly asks that we dismiss this appeal."

First, in the opening sentence, after she has referenced the proceeding in the trial court as well as the proceeding in the appellate court by the respective docket numbers, she "... ask[s] for both cases dismissed pro nunc tunc or recissioned" [sic]. She goes on to argue that the matter had already been decided at an earlier date by another court. In making that argument, after arguing that her former husband's appeal had been untimely, she asserts, "I filed a 'demand for dismissal and challenge to jurisdiction and standing' Lloyd [former husband] had a duty to then 'prove' standing and jurisdiction…." This second reference to dismissal was not about the current proceeding but rather was about an earlier proceeding or this proceeding at an earlier stage.

Bonnie goes on to argue ("rant") about being divested of her separate property rights and a violation of her due process rights. In making these arguments, she argues

that this Court does not have jurisdiction of this matter.[1]

Bonnie's second reference to a dismissal comes towards the end of the motion. After setting out some of her grievances about the process and against her former husband's current treatment of her, she provides the following sentence:

> I am taking this issue to the Texas Supreme Court and ask you to dismiss the cause #10-23-00182-CV as lacking standing and jurisdiction and a contract with me.

After then asserting a "Notice of Claim to Property," she makes a third statement that might could be construed as a request for a dismissal. She states, "I ask for full settlement and closure of this case."

And these are the statements in the letter which the Court "construes" as making her motion nothing more than a garden variety motion to dismiss the appeal. I disagree with the Court's characterization.

In the first instance, she seeks more than a dismissal of the appeal. Bonnie wants the "case" dismissed, both the appeal and the trial court proceeding. Moreover, she wants it dismissed for a reason; asserting a legal basis upon which we are required to dismiss it. Specifically, she asserts that her former husband has no standing to pursue his claims in the 18th District Court and that we have no jurisdiction of the appeal.

The Court is not dismissing the case. Even if there was a basis to dismiss the trial court proceeding as requested, that is not what the Court is doing. All the Court is dismissing is the appeal, thus leaving the trial court's judgment in place—which is the

---

[1] It appears from the content of the motion that a previous appeal had been transferred to the Sixth Court of Appeals under a workload equalization order.

opposite of what Bonnie seeks via her "motion." And the Court is certainly not dismissing the appeal upon a determination that Lloyd has no standing or that we do not have jurisdiction of this appeal.

Finding no basis upon which to "grant" the motion to dismiss the case, as Bonnie asks us to do, much less the appeal, as the Court purports to do, I would deny the motion and move on to the other issues to be addressed to move this appeal forward.[2]


                                    TOM GRAY
                                    Chief Justice

Dissent delivered and filed October 12, 2023



---

[2] The Clerk notified Bonnie that because she had not paid the filing fee nor had she filed a docketing statement, the appeal would be dismissed under Texas Rules of Appellate Procedure 42.3(b), (c) and 44.3. We should focus our efforts on those issues.